# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# MIDLAND DIVISION

| | |
|---|---|
| MARVIN LEE CASTLEBERRY | § |
| | § |
| V. | § |
| | §  Civil Action No. 7:21-cv-00008 |
| HELMERICH & PAYNE, INC., | § |
| HELMERICH & PAYNE | § |
| INTERNATIONAL DRILLING CO., and | § |
| JOHN CHRISTOPHER WOODALL | § |
| | § |

## NOTICE OF REMOVAL OF AN ACTION FROM STATE COURT

Defendants Helmerich & Payne International Drilling Co. ("H&P IDC") and John Christopher Woodall ("Woodall") (collectively, "Defendants"), file their Notice of Removal of an Action from State Court, hereby effecting the removal of the civil action pending in the 118th Judicial District Court, Martin County, Texas, styled *Marvin Lee Castleberry v. Helmerich & Payne, Inc., Helmerich & Payne International Drilling Co., and John Christopher Woodall*, Cause No. 7628 to the United States District Court for the Western District of Texas, Midland Division, pursuant to 28 U.S.C. §§ 1332 and 1441. As grounds for this removal, Defendants state as follows:

### I. Pleadings, Process, and Orders

1. On December 7, 2020, Plaintiff Marvin Lee Castleberry ("Plaintiff") filed suit against Defendants Helmerich & Payne, Inc. ("H&P Inc."), Helmerich & Payne International Drilling Co. ("H&P IDC"), and John Christopher Woodall ("Woodall") in the 118th Judicial District of Martin County, Texas, Cause No. 7628. A true and correct copy of the Original Petition filed in the State Court Action is attached hereto as **Exhibit B**.

2. H&P IDC was served on December 19, 2020, through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company. On January 19, 2021, H&P IDC filed its Answer and Affirmative Defenses to Plaintiff's Original Petition (attached as **Exhibit E** hereto).

3. Woodall was served on January 7, 2021, by certified mail. On January 19, 2021, Woodall filed his Answer and Affirmative Defenses to Plaintiff's Original Petition (attached as **Exhibit F** hereto).

4. H&P Inc. was served on December 26, 2020, through its registered agent Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company. H&P Inc. has not appeared or answered in the State Court Action. On January 14, 2021, Plaintiff filed its Notice of Nonsuit Without Prejudice of Helmerich & Payne, Inc. Only (attached as **Exhibit C** hereto), under Texas Rule of Civil Procedure 162. *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex. 2006) ("[T]he nonsuit extinguishes a case or controversy from the moment the motion is filed . . . the only requirement is the mere filing of the motion with the clerk of court." (internal quotations and citations omitted)). The State Court signed an order (attached hereto as **Exhibit D**) acknowledging the nonsuit of Helmerich & Payne, Inc. on January 15, 2021. Accordingly, Helmerich & Payne, Inc., is no longer a party to the litigation.

## II. Diversity of Citizenship Jurisdiction

5. This Court has original subject matter jurisdiction over this lawsuit based upon diversity of citizenship as set forth below.

6. By filing this Notice of Removal, Defendants do not make a general appearance in this Court or the State Court and do not consent to the personal jurisdiction of this Court or the State Court. *See Ariz. v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) (superseded by statute on other grounds) ("[I]f the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal."); *United States Brass Corp. v. AM. Gas Furnace Co.*, No. 3:01-CV-0414-H, 2001 U.S. Dist. LEXIS 13251, *3 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Fed. R. Civ. P. 12(b) defenses by removing an action from state to federal court."). Defendant reserves all rights to raise any and all available defenses in this Court or in the State Court in the event of a remand.

7. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) and (b) in that this is a civil action between citizens of different states. Removal of this action is proper because there is complete diversity and among all properly-joined and served parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Marvin Castleberry, the Plaintiff, is a citizen and resident of Texas. *See* Orig. Pet. ¶ 2.

9. Defendant H&P IDC is a Delaware corporation with its principal place of business in Oklahoma.

10. Defendant Woodall is a citizen and resident of Mississippi. *See* Orig. Pet. ¶ 5.

11. H&P IDC and Woodall are the only remaining defendants to the lawsuit.

12. As such, complete diversity of citizenship exists between Plaintiff, a citizen of Texas, and Defendants, citizens of Delaware, Oklahoma, and Mississippi.

13. The matter in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000, giving rise to original federal court jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff alleges explicitly in paragraph 9 of Plaintiff's Original Petition that he "seeks damages in excess of $1,000,000.00."

14. Accordingly, this United States District Court has original jurisdiction under 28 U.S.C. §1332, and the State Action is removable pursuant to 28 U.S.C. §1441(a) and (b).

### III. Venue

15. Because the State Court Action is pending in the 118th Judicial District Court of Martin County, Texas, which lies within the United States District Court for the Western District of Texas, Midland Division, venue is proper in this Court pursuant to 28 U.S.C. § 1446(a).

### IV. Joinder or Consent of All Defendants

16. For removal under 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). Without admitting or waiving service of process, all remaining Defendants to this action have joined in the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A) and consent to the removal, as evidenced by the signature of their undersigned counsel.

### V. Timeliness of Removal

17. 28 U.S.C. § 1446(b) requires that "the notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based … ."

18. The thirty-day time period for removal commenced at the earliest on December 19, 2020,[1] the date on which H&P IDC was served, and at the latest on January 7, 2021, the date on which Woodall was served.

19. Removal of this matter has therefore been timely effectuated within thirty (30) days after Defendants received Plaintiff's Original Petition "through service or otherwise." 28 U.S.C. § 1446(b); *Delgado v. Shell Oil Co.*, 231 F.3d 165 (5th Cir. 2000) ("We read § 1446(b) and its 'through service or otherwise' as consciously reflecting the desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that he defendant have been served."). Therefore, this removal is timely under 28 U.S.C. § 1446(b).

### VI. Procedural Requirements

20. This Notice of Removal is signed by counsel for both remaining Defendants pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

21. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Texas, written notice of such filing is being served upon Plaintiff's attorneys of record. In addition, a copy of the Notice of Removal will be filed with the 118th Judicial District Court of Martin County, Texas, in which Cause No. 7628 is pending. As such, Defendant has met the notice requirements set out in 28 U.S.C. § 1446(d).

### VII. Filing Fee and Attachments

22. Along with this Notice of Removal, Defendant has concurrently tendered the proper filing fee.

---

[1] January 18, 2021, was a recognized court holiday celebrating Martin Luther King, Jr.'s Birthday. *See* https://www.txwd.uscourts.gov/court-information/court-holidays/.

23. Pursuant to 28 U.S.C. § 1446(a), the following documents are attached hereto:

   A. Docket sheet from State Court Action (attached as **Exhibit A**);

   B. All pleadings and orders filed in the State Court Action:

      i. Plaintiff's Original Petition (attached as **Exhibit B**);

      ii. Plaintiff's Notice of Nonsuit Without Prejudice of Helmerich & Payne, Inc. Only (attached as **Exhibit C**);

      iii. Order Acknowledging Nonsuit Without Prejudice of Defendant Helmerich & Payne, Inc. Only (attached as **Exhibit D**);

      iv. Defendant Helmerich & Payne International Drilling Co.'s Answer and Affirmative Defenses to Plaintiff's Original Petition (attached as **Exhibit E**);

      v. Defendant John Christopher Woodall's Answer and Affirmative Defenses to Plaintiff's Original Petition (attached as **Exhibit F**); and

   C. All executed process in the case (attached as **Exhibit G**).

## PRAYER

WHEREFORE, Defendants remove this action from the 118th Judicial District Court of Martin County, Texas, to the United States District Court for the Western District of Texas.

Dated: January 19, 2021	Respectfully submitted,

By: */s/ Meghan E. Hausler*

Margaret "Michelle" Hartmann
Texas Bar No. 24032402
michelle.hartmann@bakermckenzie.com
Meghan E. Hausler
Texas Bar No. 24074267
meghan.hausler@bakermckenzie.com
1900 North Pearl Street, Suite 1500
Dallas 75201
Tel: (214) 978-3421
Fax: (214) 978-3099

**ATTORNEYS FOR DEFENDANTS HELMERICH & PAYNE INTERNATIONAL DRILLING CO. AND JOHN CHRISTOPHER WOODALL**

# CERTIFICATE OF SERVICE

      In compliance with Rule 5 of the Federal Rules of Civil Procedure, I certify that on this the 19th day of January 2021, a true and correct copy of the above and foregoing document was served on all known counsel of record via electronic service:

Michael S. Tilton
mtilton@tiltonlawfirm.com
Richard M. Franks
rfranks@tiltonlawfirm.com

Tilton & Tilton LLP
River Oaks Tower
3730 Kirby Driver, Suite 1020
Houston, Texas 77098

                                                        */s/ Meghan E. Hausler*
                                                        Meghan E. Hausler